**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | | |
|---|---|---|
| MARILYN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 3:07CV-320-C |
| | ) | |
| MERCK & CO., INC. | ) | |
| | ) | |
| Defendant | ) | |

\* \* \* \* \* \* \*

### ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC.

Defendant, Merck Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers the Complaint. Merck denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

### I. PARTIES

1.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 1.

2.    Merck admits the allegations of Paragraph 2.

3.    Merck admits that it is registered to do business in the State of Kentucky, but Merck is without knowledge as to what is meant by the phrase "regularly transacted," so the remaining allegations in Paragraph 3 are denied.

4.    Merck denies each and every allegation of Paragraph 4, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 4 inconsistent with that prescribing information and respectfully refers the Court to the Physician's Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

5.    Merck admits only that it distributed FOSAMAX® for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 5 inconsistent with that prescribing information.  Merck respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.  Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 5.

6.    Merck is without knowledge as to what is meant by the phrase "substantial revenue," so the allegations in Paragraph 6 are denied.

7.    Merck is without knowledge as to what is meant by "consequences," so the allegations in Paragraph 7 are denied.

8.    Merck denies each and every allegation of Paragraph 8, except Merck admits that it distributed FOSAMAX® for prescription in accordance with its approved prescribing information.

9.    Merck denies each and every allegation of Paragraph 9.

## II.  JURISDICTION AND VENUE

10.    Merck is without knowledge as to the allegations contained in Paragraph 10, but for jurisdictional purposes only, admits that Plaintiff seeks in excess of $75,000.

11.    Merck denies each and every allegation of Paragraph 11.

12.    The allegations of Paragraph 12 are conclusions of law to which no response is required.  To the extent that a response is required, Merck denies each and every allegation of Paragraph 12.

13.    The allegations of Paragraph 13 are conclusions of law to which no response is required.  To the extent that a response is required, Merck denies each and every allegation of Paragraph 13.

### III. FACTUAL BACKGROUND

14.    Merck denies each and every allegation of Paragraph 14, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

15.    Merck denies each and every allegation of Paragraph 15, except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 15 inconsistent with that prescribing information.

16.    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 16 inconsistent with that prescribing information. Merck also refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 16 with respect to Aredia and Zometa inconsistent with that prescribing information.

17.    Merck admits only that some bisphosphonates contain nitrogen and some do not and that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 17 inconsistent with that prescribing information.

18.    Merck denies each and every allegation of Paragraph 18.

19.    Merck denies each and every allegation of Paragraph 19.

20.    Merck denies each and every allegation of Paragraph 20.

21.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 21.

22.    Merck denies each and every allegation of Paragraph 22.

23.    Merck denies each and every allegation of Paragraph 23.

24.    Merck denies each and every allegation of Paragraph 24.

25.    Merck denies each and every allegation of Paragraph 25, except that Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully refers the Court to said document for its actual language and full text.

26.    Merck denies each and every allegation of Paragraph 26.

27.    Merck denies each and every allegation of Paragraph 27.

28.    Merck denies each and every allegation of Paragraph 28.

29.    Merck denies each and every allegation of Paragraph 29, except that Merck admits that Fosamax product sales in 2005 amounted to approximately $3.19 billion.

30.    Merck is without knowledge as to whether Plaintiff used FOSAMAX®.  Merck denies the remaining allegations in Paragraph 30.

31.    Merck denies each and every allegation of Paragraph 31.

32.    Merck is without knowledge as to whether Plaintiff was prescribed FOSAMAX®.  Merck denies the remaining allegations in Paragraph 32.

33.    Merck denies each and every allegation of Paragraph 33.

34.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 34.

35.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 35.

36.    Merck denies each and every allegation of Paragraph 36.

37.    Merck denies each and every allegation of Paragraph 37.

38.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 38.

39.    Merck denies each and every allegation of Paragraph 39.

40.    Merck denies each and every allegation of Paragraph 40.

41.    Merck denies each and every allegation of Paragraph 41.

42.    Merck denies each and every allegation of Paragraph 42.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

43.    Merck repleads its answers to Paragraphs 1 through and including 42, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

44.    The allegations in Paragraph 44 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

45.    Merck denies each and every allegation of Paragraph 45, including each and every allegation contained in subparts (a) through (f).

46.    Merck denies each and every allegation of Paragraph 46.

47.    Merck denies each and every allegation of Paragraph 47.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY

48.    Merck repleads its answers to Paragraphs 1 through and including 47, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

49.    Merck denies each and every allegation of Paragraph 49, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

50.    Merck denies each and every allegation of Paragraph 50, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and states that it is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges he consumed.

51.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 51.

52.    Merck denies each and every allegation of Paragraph 52.

53.    Merck denies each and every allegation of Paragraph 53.

54.    Merck denies each and every allegation of Paragraph 54.

55.    Merck denies each and every allegation of Paragraph 55.

56.    Merck denies each and every allegation of Paragraph 56.

57.    Merck denies each and every allegation of Paragraph 57.

58.    Merck denies each and every allegation of Paragraph 58.

59.    Merck denies each and every allegation of Paragraph 59.

60.    Merck denies each and every allegation of Paragraph 60.

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

61.    Merck repleads its answers to Paragraphs 1 through and including 60, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

62.     Merck denies each and every allegation of Paragraph 62, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

63.     Merck denies each and every allegation of Paragraph 63.

64.     Merck denies each and every allegation of Paragraph 64.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65.

66.     Merck denies each and every allegation of Paragraph 66.

67.     Merck denies each and every allegation of Paragraph 67.

**FOURTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**

68.     Merck repleads its answers to Paragraphs 1 through and including 67, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

69.     Merck denies each and every allegation of Paragraph 69, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

70.     Merck denies each and every allegation of Paragraph 70, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

71.     Merck denies each and every allegation of Paragraph 71.

72.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 72.

73.    Merck denies each and every allegation of Paragraph 73.

74.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74.

75.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 75.

76.    Merck denies each and every allegation of Paragraph 76.

77.    Merck denies each and every allegation of Paragraph 77.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMER PROTECTION ACT

78.    Merck repleads its answers to Paragraphs 1 through and including 77, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

79.    The allegations of Paragraph 79 state a legal conclusion to which no response is required.  To the extent that a response is required, Merck denies each and every allegation of Paragraph 79 and respectfully refers the Court to the relevant legal standard.

80.    Merck denies each and every allegation of Paragraph 80.

81.    Merck denies each and every allegation of Paragraph 81.

82.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 82.

## SIXTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

83.     Merck repleads its answers to Paragraphs 1 through and including 82, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

84.     Merck denies each and every allegation of Paragraph 84, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

85.     Merck denies each and every allegation of Paragraph 85.

86.     Merck denies each and every allegation of Paragraph 86.

87.     Merck denies each and every allegation of Paragraph 87.

88.     Merck denies each and every allegation of Paragraph 88.

89.     Merck denies each and every allegation of Paragraph 89.

90.     Merck denies each and every allegation of Paragraph 90.

91.     Merck denies each and every allegation of Paragraph 91.

## SEVENTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT

92.     Merck repleads its answers to Paragraphs 1 through and including 91, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

93.     Merck denies each and every allegation of Paragraph 93, including each and every allegation contained in subparts (a) through (b).

94.     Merck denies each and every allegation of Paragraph 94.

95.    Merck denies each and every allegation of Paragraph 95.

96.    Merck denies each and every allegation of Paragraph 96.

97.    Merck denies each and every allegation of Paragraph 97.

98.    Merck denies each and every allegation of Paragraph 98.

99.    Merck denies each and every allegation of Paragraph 99.

**EIGHTH CAUSE OF ACTION – EQUITABLE RELIEF**
**MEDICAL MONITORING PROGRAM AND PROPER LABELING**

100.    Merck repleads its answers to Paragraphs 1 through and including 99, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

101.    Merck denies each and every allegation of Paragraph 101.

102.    Merck denies each and every allegation of Paragraph 102.

103.    Merck denies each and every allegation of Paragraph 103.

104.    Merck denies each and every allegation of Paragraph 104.

105.    Merck denies each and every allegation of Paragraph 105.

**PUNITIVE DAMAGES**

106.    Merck repleads its answers to Paragraphs 1 through and including 105, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

107.    Merck denies each and every allegation of Paragraph 107.

108.    Merck denies each and every allegation of Paragraph 108, except that it admits that Merck scientists participated in the VIGOR study involving VIOXX® ("Vioxx"), published in the New England Journal of Medicine, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

10

109.    Merck denies each and every allegation of Paragraph 109, except that it admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

110.    Merck denies each and every allegation of Paragraph 110.

111.    Merck denies each and every allegation of Paragraph 111, except that it admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepideminology & Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

112.    Merck denies each and every allegation of Paragraph 112, except that it admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text. Merck further admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

113.    Merck denies each and every allegation of Paragraph 113.

114.    Merck denies each and every allegation of Paragraph 114.

WHEREFORE, Merck denies that Plaintiff is entitled to any of the relief requested and Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were cause in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

14

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Kentucky Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and

distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred under the doctrine of economic loss.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because she has suffered no damages and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Merck is entitled to a set-off or reduction in any damages which may be awarded to Plaintiff for any amounts received from collateral sources.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for medical monitoring or compensation for medical monitoring.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Merck is entitled to the benefit of the presumption of non-defectiveness provided in the Kentucky Product Liability Act, KRS 411.310(2).

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Merck asserts all defenses available under the Kentucky Product Liability Act, KRS 411.300 *et seq.*

-------------------------------

In so much as the complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,


s/Andrew D. Dill
Richard H. C. Clay
Andrew D. Dill
WOODWARD, HOBSON & FULTON, L.L.P.
2500 National City Tower
Louisville, Kentucky  40202
(502) 581-8000
Counsel for Merck & Co., Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Shawn E. Cantley
(shawn@people-lawyers.com)
Mr. John A. Bahe, Jr.
(john@people-lawyers.com)
700 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky  40202
Counsel for Plaintiff


s/Andrew D. Dill
Andrew D. Dill